# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                             **CAUSE NO. 3:17-cr-112-CWR-FKB-1**

**ESTELLE COOK, JR.**                                                   **DEFENDANT**

## ORDER

This case is before the Court on Defendant Estelle Cook, Jr.'s Motion to Appoint Counsel [122] and Motion for Copies [120]. The Court finds as follows.

Cook requests that the Court appoint counsel so that he may proceed under 28 U.S.C. § 2255(a) in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). A petitioner has no automatic constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ford v. United States*, 363 F.2d 437, 437–38 (5th Cir. 1966); *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993). Cook has not yet filed a § 2255 petition. However, even if he had,

> the appointment of counsel in such proceedings is required only in limited circumstances. *See, e.g.*, RULES GOVERNING § 2255 PROCEEDINGS 8(c) (requiring that counsel be appointed upon determination that an evidentiary hearing is required); *id* at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery").

*United States v. Lerma*, No. CR. C-07-41, 2009 WL 1940030, at *1 (S.D. Tex. July 2, 2009)(alterations in original). Cook has not demonstrated circumstances requiring the appointment of counsel under § 2255. For these reasons, Defendant's Motion to Appoint Counsel [122] is denied.

Next, Cook requests copies of the case's docket sheet, final judgment, and a transcript of his sentencing hearing so that he may use them to file his § 2255 petition. As a curtesy, the Court is including copies of the docket sheet and judgment along with this Order. However, "[i]ndigent

defendants do not have a constitutional right to free copies of transcripts . . . for use in a collateral proceeding." *United States v. Dellere*, No. 3:09-cr-307-N, 2012 WL 12994947, at *1 (N.D. Tex. Jan. 9, 2012)(citing *U.S. v. Peralta-Ramirez*, 266 Fed. Appx. 360, 361 (5th Cir. 2008) (per curiam)). Moreover, Cook does not describe why a copy of the transcript is necessary to resolve a specific issue relating to his sentencing hearing. Absent such a showing, he is not entitled to a copy of the transcript without charge. *See id.* Accordingly, his Motion for Copies [120] is denied.

Should Cook wish to pay for a copy of the transcript, he may contact the court reporter, Ms. Gina Morris, at 501 E. Court Street, Suite 2.500, Jackson, MS 39201, to make the necessary arrangements.

SO ORDERED, this the 29th day of April, 2019.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE