IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**,

    *Plaintiff*,

v.                 Cause No. 3:17-CR-112-CWR-ASH-1

**ESTELLE COOK, JR.**,

    *Defendant*.

## ORDER

Before the Court are Defendant Estelle Cook, Jr.'s *Motion to Reduce Sentence Pursuant to 2023 USSC Amendment 821*, Docket No. 175, and *Motion to Appoint Counsel*, Docket No. 174. This Order resolves only those issues related to Mr. Cook's Amendment 821 argument. The *Motion for Compassionate Release*, Docket No. 165, and the issues therein will be taken up in a separate Order.

Mr. Cook argues that he is entitled to a sentence reduction pursuant to U.S.S.G. § 4C1.1's two-point offense level reduction, as contained in the U.S. Sentencing Commission's Amendment 821.[1] The Sentencing Guidelines now provide for a two-point reduction in a defendant's offense level if the defendant meets the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;

---
[1] The amendment went into effect on November 1, 2023.

    (6) the defendant did not personally cause substantial financial hardship;
    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
    (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
    (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
    (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1(a).

In this case, Mr. Cook pleaded guilty to Count 2 of his Indictment—Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Docket No. 108. He was sentenced to 120 months' imprisonment with three years of supervised release.

Mr. Cook's Presentence Report indicates that he received a total of 10 criminal history points. Docket No. 90 at 12-14. Furthermore, Mr. Cook's offense involved possessing 41 firearms, trafficking firearms, and possessing a firearm in connection with another felony (burglary). *Id.* at 11. Thus, Mr. Cook is ineligible for a sentence reduction under § 4C1.1(a)(1) and (a)(7).

The *Motion to Reduce Sentence* and *Motion to Appoint Counsel*, as to his Amendment 821 argument, are therefore **DENIED**. Mr. Cook's Counsel shall remain Counsel of Record for Mr. Cook's *Motion for Compassionate Release*.

**SO ORDERED**, this the 16th day of April, 2024.

                                          s/ Carlton W. Reeves
                                          UNITED STATES DISTRICT JUDGE